## WALKER *vs.* COLLIER.

A person who took up hogs as estrays, had them appraised by two persons not freeholders, and sold, no cause, providential or otherwise, appearing for not complying with the statute, was liable to the penalty prescribed in the Code, §1436. Estray laws must be strictly construed.

Estrays. Laws. Before Judge HILLYER. Fulton Superior Court. April Term, 1878.

Reported in the decision.

CANDLER & THOMSON, for plaintiff in error, cited (on construction) Pott. Dwar. on Stats., pp. 224–226, and notes 35 and 245.

COLLIER & COLLIER, for defendant, cited Code, §342; 30 *Ga.*, 780; Code, §1436. On construction of statutes, 4 *Ga.*, 154; 31 *Ib.*, 700; 35 Ill., 417; 14 Mich., 233; Dwar. on Stats., 224, and note, 257; 12 *Ga.*, 115; 18 *Ib.*, 318; 1 Kent, 464.

WARNER, Chief Justice.

This was a suit brought by the plaintiff (Collier) against the defendant (Walker) to recover the penalty of five times the value of certain described hogs, which the defendant had taken up as estrays, and sold without having fully complied with the law in relation thereto. On the trial of the case, on appeal in the superior court, the jury, under the charge of the court, found a verdict for the plaintiff for the sum of $85.00. A motion was made for a new trial on the grounds therein stated, which was overruled, and the defendant excepted.

It appears from the evidence in the record, that plaintiff and defendant were close neighbors, and had been for twenty years; that plaintiff's hog-lot extended to within one hundred yards of defendant's front-door; that defendant knew the mark of plaintiff's hogs; that plaintiff and

defendant were unfriendly; that in September, 1876, three of plaintiff's hogs, and eight pigs, were about the defendant's premises for several days, got into his corn-field, when defendant had them taken up as estrays, and appraised by Wynn and Samples, neither of whom were freeholders; that the latter was working for defendant as a laborer, and was under twenty-one years of age. The hogs were sold on the defendant's premises, there being but three persons present—the defendant, the officer making the sale, and Rosser. The defendant bid off the sow and pigs, Rosser the other two, but let the officer have one of them at his bid. The hogs were proved to have been worth from $17.00 to $20.00. It was also shown by the evidence, that Wynn lived about three miles from defendant, and Samples about two miles, and that there were probably fifty freeholders living nearer the defendant than either of them.

The 1428th section of the Code declares, that the taker-up of estrays shall, within five days, exhibit the animal to two *freeholders* of the militia district where taken up for appraisement, etc. The 1436th section declares, that the taker-up is liable to the county or the owner, as the case may be, in five times the value of the estray, if, after taking it up, he fails to have it appraised, and returned, or forthcoming according to law, providential causes only excepted. The positive requirement of the law is that the taker-up of the estray shall have it appraised by two freeholders of the militia district, not by two irresponsible tramps, who have no permanent abiding place; and inasmuch as the owner of the property may be deprived of it by this proceeding, under the estray law, behind his back, it should be construed *strictly*, and such is the rule of law applicable to this class of cases. The charge of the court was quite as favorable to the defendant, under the evidence, as he had a right to require or expect. In view of the facts of this case as disclosed in the record, and the law applicable thereto, we find no error in overruling the defendant's motion for a new trial. Let the judgment of the court below be affirmed.

Judgment affirmed.