## HOUSER *vs.* SCOTT.

Where one, in good faith and under advice from the ordinary, took up an estray, and had it appraised and returned in compliance with the requirements of the Code, and it was held in readiness to meet the demand of the owner, he was not liable for quintuple damages. Subsequent irregularities on the part of the officers would not af- ect him.

(*a*) Where the whole conduct of the taker up of an estray was in per- fect good faith, that the return was made on the sixth day after the appraisement will not render him liable.

(*b*) Nor will he be liable because one of the appraisers was only a freeholder to the extent of being interested in a homestead estate.

Estrays.    Damages.    Freeholders.    Before Judge SIM- MONS.    Houston Superior Court.    April Term, 1880.

Reported in the decision.

W. C. WINSLOW; J. H. BRANHAM, for plaintiff in error.

DUNCAN & MILLER, for defendant.

JACKSON, Chief Justice.

B. W. Scott took up and had appraised and returned to the ordinary a sow, which had belonged to D. H. Houser. Houser sued Scott for not complying with the law, alleging damages at five times the value of the sow. The county court gave damages to the amount of $32.50, whereupon the defendant sued out the writ of *certiorari* to the superior court, which reversed the judgment of the county court and gave judgment for defendant for costs, and this judgment is assigned as error here.

The facts as made out by defendant are that the hog had been in Scott's field some months, that he inquired among all the neighbors whose property the sow was, that he was informed she belonged to a person who had gone away, that finally he went to the ordinary and, under his instructions, had her appraised and returned to the ordinary, who thereupon caused her to be sold.

It is for failing after taking the estray up to have it appraised and returned, or forthcoming according to law, that section 1436 of the Code makes the taker up liable to the owner for five times the value of the estray. After the taker up had done this, then the ordinary's duties begin. Code, §§1429, 1430, 1431; and if the ordinary fail in his duties, the law does not mulct the taker up in these heavy damages. His obligation is imposed by §1428 of the Code, which enacts that within five days after he takes up the estray, he shall exhibit it to two free-holders of the district, who are to note the marks, etc. etc. and appraise it, which he is to return to the ordinary within five days, and make affidavit that the marks are correct and have not been altered, and the damages are imposed for his failure in this, and this only, unless he has wilfully abused or neglected the animal. Code, §1436.

The record shows that Scott concealed nothing, but got his instructions from the ordinary, and did what the law

required him to do.   It seems only doubtful that one of the two appraisers was a free-holder, and that the appraisement was returned in time.

The proof is that the defendant relied upon the other to get another, naming two other free-holders; but that the free-holder relied upon got a young man to act who was a freeholder only to the extent that he was interested in a homestead estate.   He was a neighbor, living in the district, twenty-one years old, and interested in a freehold estate sufficiently, we think, to save the defendant from these damages under even a strict construction of this estray law, so far as it imposes this duty upon the taker up · of the estray.  The sow, and pigs too, are forthcoming, ready to respond to the owner's claim when made.   This case is not one which demands these punitive damages.   The case of *Walher vs. Collier*, in 61 *Ga.*, 341, is wholly unlike this.   The facts there made the transaction a great wrong to Collier, and the appraisement was made by no free-holders, but persons who had no interest in the district or county, but were tramps, as Judge WARNER denominates them in delivering the opinion in that case.

This defendant did his best to do his duty, and seems to have succeeded substantially in appraising and returning the animal to the ordinary, and now has it ready to answer plaintiff's demand, and thus it is forthcoming according to law.

Judgment affirmed.